## IN THE MATTER OF THE APPLICATION OF THE KINGS COUNTY ELEVATED RAILROAD COMPANY.

A decision of General Term of the Supreme Court to be valid, must be concurred in by at least two justices. Where two only are present at a decision, a judgment in the case to which one of them dissents is not made effective by his assent to the entry thereof.

A motion to confirm the report of commissioners appointed herein was heard at a General Term of the Supreme Court, three justices being present; no decision was then made, and the General Term was adjourned to a subsequent day; on that day one of the justices was not present. One of those present read an opinion in favor of confirming the report, from which the other dissented. The absent justice had sent to the chief justice a statement in writing that the report should be confirmed; there was no written concurrence by him in the opinion, and no personal consultation had been had between him and either of the other justices. A memorandum was filed the same as if all three of the justices were present, stating that the report of the commissioners was confirmed. *Held* (MILLER, J., dissenting), that an order of confirmation entered thereon was unauthorized; and that a refusal of the General Term to vacate the same on motion was error.

(Argued September 30, 1879; decided October 14, 1879.)

THESE are appeals, the one from order of the General Term of the Supreme Court, in the second judicial department, refusing to vacate an order of said General Term, confirming the report of commissioners appointed in the proceedings above entitled; the other from the order last mentioned.

The nature of the orders appealed from more fully appear, as do the material facts, in the opinion.

*Edgar M. Cullen* and *Wm. C. De Witt*, for appellant. The order denying the appellant's motion is appealable. (*Corning* v. *Slosson*, 16 N. Y., 294.) Courts can only be held at the times and places appointed therefor under the statute, or at times and places to which regular terms have been legally adjourned. (*Northrup* v. *People*, 37 N. Y., 203; *Birmingham Foundry* v. *Hatfield*, 43 id., 224; *Gould* v. *Bennett*, 59 id., 124.) No judge, unless personally present in court, can take part in an act of the court. (R. S., § 228.) To take part in the functions of a court a judge must be present so as to express his concurrence or dissent in the action of the court. (*Tuttle* v. *People*, 36 N. Y., 431.) As the record shows that one of the two judges present dissented it cannot be assumed that both assented to the determination. (Code, § 230.) If the absent judge was suffered to participate in the determination by sending a written note, it was error regardless of the action of the two judges present. (*People* v. *Shaw*, 63 N. Y., 36; 16 id., 294; *Parrott* v. *Knick. Ice Co.*, 8 Abb. Pr. [N. S.], 234.)

*James Emott*, for respondents.

*Per Curiam.* The motion to confirm the report of the commissioners upon this application was made and heard at a General Term of the Supreme Court, where three justices were present. No decision was there made, and the General Term was adjourned to a subsequent day. In the meantime, one of the judges left for Europe, and he was not present upon the adjourned day designated for the meeting of the court. The record also shows that at the time last named, a memorandum was filed with the clerk of the court, the same as if all three of the judges were present who held the term, stating that the report of the commissioners was confirmed, with an opinion by one of the justices who was present, and that the other one dissented. Upon a motion made to vacate the order of confirmation, and to correct the record so as to show that one of the justices was not present, an order was

granted correcting the minutes by stating that such justice was not present at the court when the decision was made ; that one of the justices who was present read an opinion in favor of confirming the report of the commissioners, from which the other justice present dissented ; that the justice not there had sent to the chief justice a declaration or statement in writing that the said report should be confirmed, and that there was no written concurrence of such absent justice in the opinion written, and no personal consultation with either of the justices present with the justice who was not, prior to or at the time of the entry of the order of confirmation. The order also denied the motion to vacate, and an appeal was taken from the same to this court.

It is apparent from the facts stated that no personal consultation was had among the three justices who constituted the General Term when the motion to confirm the report was made, and that only two of them were present when the decision was actually made and filed. While the two justices would have been sufficient had they concurred in the decision, yet as one dissented, it was made without the assent at the time of a majority of the court who heard the motion. The presence of the other justice, who held the court originally, was essential, under the circumstances, to make a lawful decision ; and in his absence, the order directed, we think, was unauthorized and of no binding force.

The organization of the General Term, under the constitution and statutes of this State, is such as to require a concurrence of two justices in any decision to be made. A term may be held by two or three judges, but at least two must concur in any judgment to be rendered. A single member can decide nothing, and an assent of one where two only are present, that a judgment may be entered, in which he does not concur, but from which he dissents, is not sufficient to render such judgment effective. Such a judgment is not the decision of the court or of a majority of the judges who heard the case. The judges are equally divided, and hence there can be no judgment. That the absent judge

has previously indicated his conclusion is not enough, for he must participate or take part when the decision is actually made, to render it lawful. The order states that there was no consultation of the judges, and that the judge who was absent never read the opinion written by one of his associates, and that the case was not decided while the three judges were together. Had there been a consultation, the judge who sent his written consent to the confirmation of the report might have been convinced that he was wrong and the result changed.

As the case stands, we think that the decision was unlawfully made, and the order entered should be vacated and the case sent back to the judges who composed the court where it was heard, as undecided, without costs to either party upon the appeals to this court.

MILLER, J. (dissenting). I think that the written statement sent by one of the justices to the chief justice assenting to the confirmation of the report of the commissioners shows that such justice took part in the decision and establishes its validity. He thereby conferred with his associates, and an order was therefore made after a consultation of all the members composing the court. That such justice was absent from the court when the decision was handed down, is not material, as the two judges who were present directed that the order be entered.

The order should be affirmed.

All concur in the *Per Curiam* opinion, except MILLER, J., dissenting.

The order of General Term refusing to vacate the order of confirmation reversed and such order vacated, and the case remitted to the General Term for decision on the motion for confirmation; the appeal from the order of confirmation dismissed.